UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

**ROD McCREA**,  HON.

Plaintiff,  Case No.: 21-270

v.

**BLUE STAR MOTEL, STARLITE HOTEL, LLC**, and **ROBERT SIEVERS** and **BRADLEY TYSON**, Individually and Personally,

    Defendants.

Katherine Smith Kennedy (P54881)
Pinsky, Smith, Fayette & Kennedy, LLP
Attorneys for Plaintiff
146 Monroe Center Street NW, Ste 805
Grand Rapids, MI 49503
(616) 451-8496
kskennedy@psfklaw.com

# COMPLAINT AND JURY DEMAND

## COMPLAINT

    Plaintiff Rod McCrea, by and through his attorneys, Pinsky, Smith, Fayette & Kennedy, LLP, hereby represent:

### A. NATURE OF PROCEEDINGS

    1.    Rod McCrea (hereinafter "Plaintiff") was an employee of Defendants Blue Star Lodging, Blue Star Motel, Starlite Resort, Robert Sievers and Brad Tyson (hereafter "Defendants"). Plaintiff brings this action for:

(a) Unpaid wages, unpaid overtime, unpaid benefits, liquidated damages, and attorney's fees and costs under §16(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. '216(b) (hereinafter "the Act");

(b) Unpaid wages, overtime and benefits under the Michigan Wages and Fringe Benefits Act MCL 408.471 *et seq.;*

(c) Breach of contract under Michigan law.

### B. JURISDICTION

2. Jurisdiction of this action is based on §16(b) of the Act (29 U.S.C. §216(b) and 28 U.S.C. §1337).

3. The jurisdiction of this Court is further invoked pursuant to 28 U.S.C. §1331.

4. Venue is proper within this judicial district under 28 U.S.C. §1391(b) and 28 U.S.C. §1392(a).

### C. PARTIES

5. Plaintiff was an employee of Defendants, who worked primarily at Defendants' Motels Blue Star Motel and Starlite Resort in the cities of Douglas and Saugatuck, Michigan. The businesses are located, and work was performed within the Western District of Michigan. Plaintiff also performed work at another property Butternut Pines AIRBNB.

6. Defendant Robert Sievers was at all relevant times, an owner of Defendant Blue Star Lodging, Blue Star Motel and Starlite Resort and the primary

decision maker regarding wages and benefits paid, and terms of Plaintiff's employment.

7. Defendant Brad Tyson was at all relevant times, an owner of Defendant Blue Star Lodging, Blue Star Motel and Starlite Resort and a co-decision maker regarding wages and benefits paid, and terms of Plaintiff's employment.

8. Defendants were at all material times of this Complaint employers pursuant to the provisions of 29 U.S.C. 203(d).

### D. BACKGROUND FACTS

**Plaintiff's Terms of Employment**

9. Plaintiff incorporates the previous paragraphs as though set forth herein.

10. Defendants hired Plaintiff in 2017. Plaintiff was an Assistant General Manager and operator of two hotel properties and one AIRBNB property of Defendants.

11. There was a General Manager of the property to whom Plaintiff reported and worked along-side during the season. The General Manager ("GM") position had final say on hiring, firing and discipline issues for any of the part-time staff members. Plaintiff could have input on a matter if the GM wanted him to do so. The Defendant owners of the properties were involved in overseeing the properties and involved the GM in many management decisions.

12. Plaintiff's duties and responsibilities included working at the front desk, answering phones, taking reservations, making sure rooms were cleaned and

soiled linens were washed and replaced through other staff members or himself, maintenance of equipment on property, customer relations, as well as other similar tasks.  He was on-call for customer complaints and alternated on-call with the GM.

13. Between May and September each year, Plaintiff worked anywhere from 60 - 80 hours per week.

14. The Starlite and Blue Star Motels were beach town properties which operated between March 1 and December 1 throughout the year.  May 1 through October 31 was considered "in season" and April, November and remaining months were deemed "off-season."

15. The AIRBNB operated year-round, the duties and responsibilities associated with the AIRBNB during the season were on an occasional basis.

16. Plaintiff lived and worked on the premises throughout the entirety of the year.  During the off-season, Plaintiff kept an eye on the property, made sure the buildings were maintained, rooms were locked and secure, insured that no damage was incurred, and took reservations.  The GM of the property left the area and lived elsewhere during the off-season and performed no duties during that time frame.

### Plaintiff's Employment Agreement

17. The parties referred to a document drafted by the Employers as Plaintiff's employment contract as well.  Attached as Exhibit 1.

18. Plaintiff was paid bi-weekly based on a "salary" of $35,000 per year, along with room and board and other benefits.  The parties agreed to have Plaintiff

paid the same for all bi-weekly periods over the course of the year, though he worked significantly more than 60 hours per pay period during the season, and even more during the summer months. This pay structure was followed for the rest of 2017, 2018, and 2019.

19. Plaintiff was also to be paid bonuses on a structure based on profits of the Defendants' businesses according to this contract.

20. The contract promises that cell phone expenses and mileage expenses will be covered as part of his compensation for employment.

21. The contract states the term of the contract is from March 15 of one year to March 15 of the following year.

22. The contract also states that if his contract is terminated he will be paid the remainder of what is owed for the rest of the contract term.

## 2019 Motel Issues and End of Employment

23. Plaintiff incorporates the previous paragraphs as though set forth herein.

24. As Plaintiff was not receiving cell phone reimbursement or mileage, he inquired to Mr. Sievers about it verbally several times during 2019.

25. In June-August of 2019, correspondences between both Defendants, Plaintiff and the Property Manager occurred regarding the lack of expected income coming in on the properties. Plaintiff mentioned the reimbursement of expenses to Defendants yet did not hear anything back from them.

26. In October of 2019, Plaintiff was informed that the Employers sold the

Motels and that Plaintiff would need to move out of his living quarters by the end of the year as the new owner would be taking possession in the new year.

27. Plaintiff was not paid or reimbursed for his cell phone bills or significant mileage he had for his vehicle he drove for business purposes. Plaintiff was paid one bonus of $1,500.00 for his first year under the contract, but not thereafter.

28. Though Plaintiff was supposed to have use of the house to live until March of 2020, Plaintiff moved out as ordered. Plaintiff had to pay for three and a half months of rent and utilities after he was forced to move out.

29. Plaintiff and the GM were then told that they would not be paid for their last three pay periods by the Employers or from February 1, 2020-March 15, 2020.

### E. CAUSES OF ACTION
### COUNT I – FLSA

30. Plaintiff incorporates the previous paragraphs as though set forth herein.

31. During Plaintiff's employment, Defendants employed Plaintiff in commerce for many work weeks longer than 40 hours, and have failed and refused to compensate Plaintiff appropriately for such work in excess of 40 hours and at one and one-half times the regular rate at which they were employed, contrary to the provisions of §7(a) of the Act (29 U.S.C. §207 (a)).

32.     Plaintiff estimates that the sum of back wages due is anywhere from $16,000-$30,000 for unpaid overtime.

33.     Defendants' failure to pay Plaintiff's wages and overtime compensation as aforesaid was willful within the meaning of §55(a) of the Act (29 U.S.C. §255(a)) and not in good faith within the meaning of §11 of the Portal to Portal Pay Act (29 U.S.C. §260).

34.     Based on the foregoing, Defendants have violated §6 and §7 of the Act (29 U.S.C. §206, §207) entitling Plaintiff to the compensation set forth in §16(b) of the Act (29 U.S.C. §216 (b)).

35.     Because Defendants' violation of the Act was not in good faith within the meaning of §11 of the Portal to Portal Pay Act (29 U.S.C. §260), Plaintiff is entitled to liquidated (double) damages under §16(b) of the Act (29 U.S.C. §216(b)). Hence, Defendants owe Plaintiff double the amount of back wages owed for failing to pay him for his overtime hours.

## COUNT II - VIOLATION OF MICHIGAN WAGES AND FRINGE BENEFITS ACT

36.     Plaintiff incorporates the previous paragraphs as though set forth herein.

37.     In refusing to pay the wages, commissions, and fringe benefits due Plaintiff in a timely manner, Defendants have violated the Michigan Wage and Fringe Benefits Act, MCL §§ 408.384(a), 408.475, 408.488.

38.     Plaintiff estimates that he is owed wages and fringe benefits for either the remaining weeks of pay he was owed for February 1-March 15, 2020, or for his

overtime hours worked during season, or for both.

39.     Plaintiff requests, pursuant to the remedies under this Act, that this Court order Defendants to pay Plaintiff the relief requested below.

### COUNT III - BREACH OF CONTRACT

40.     Plaintiff incorporates the previous paragraphs as though set forth herein.

41.     In 2017 Defendants and Plaintiff entered into an Employment Agreement.  In that Agreement, wages, bonuses, and benefits were set forth and were to be honored.

42.     In failing to pay Plaintiff his wages for six weeks, his cell phone stipend and mileage reimbursement in accordance with Defendants' promises, Defendants breached this contract.

43.     Plaintiff requests, pursuant to the remedies under this Act, that this Court order Defendants to pay Plaintiff the relief requested below.

### RELIEF

WHEREFORE, Plaintiff requests the following:

a.      Judgment against Defendants in the amount due for wages, commissions, overtime compensation, and liquidated damages;

b.      Award to Plaintiff for costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act of 1938 as amended, and the Michigan Wages and Fringe Benefits Act;

  c. A penalty of 10% of the amount of wages and fringe benefits due from the due date until the time the payment is made;

  d. All remedies and damages available for the breach of contract including consequential damages; and

  f. Any and all other awards to Plaintiff as this Court determines.

        PINSKY, SMITH, FAYETTE & KENNEDY, LLP
        Attorneys for Plaintiff

Dated:  March 25, 2021    By  /s/ Katherine Smith Kennedy
        Katherine Smith Kennedy (P-54881)
        146 Monroe Center St NW, Suite 805
        Grand Rapids, MI  49503
        (616) 451-8496

## JURY DEMAND

NOW COMES Plaintiff, by and through his attorneys, Pinsky, Smith, Fayette & Kennedy, LLP and hereby demands a trial by jury of the entitled matter.

        PINSKY, SMITH, FAYETTE & KENNEDY, LLP
        Attorneys for Plaintiff

Dated:  March 25, 2021    By  /s/ Katherine Smith Kennedy
        Katherine Smith Kennedy (P-54881)
        146 Monroe Center St NW, Suite 805
        Grand Rapids, MI  49503
        (616) 451-8496