UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROD MCCREA,

      Plaintiff,                                      Hon. Paul L. Maloney

v.                                                   Case No. 1:21-cv-270

BLUE STAR MOTEL, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's motion to dismiss defendants' counterclaim (ECF No. 16) and Defendants' motion to dismiss Count IV of the amended complaint (ECF No. 25). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be granted and Defendants' motion be denied.

## BACKGROUND

Plaintiff initiated this action on March 25, 2021, against: (1) Blue Star Motel; (2) Starlite Hotel, LLC; (3) Robert Sievers; and (4) Bradley Tyson. (ECF No. 1). Plaintiff asserted claims for unpaid wages and benefits under the Fair Labor Standards Act and the Michigan Wages and Fringe Benefits Act. Plaintiff also asserted a state law breach of contract claim. In their answer to Plaintiff's complaint, Defendants asserted a counterclaim alleging that Plaintiff unlawfully converted Defendants' property. (ECF No. 13). Plaintiff responded by amending his complaint to allege that

-1-

Defendants' conversion claim was asserted for unlawful retaliatory reasons. Presently before the Court are Plaintiff's motion to dismiss Defendants' conversion claim and Defendants' motion to dismiss Plaintiff's retaliation claim. The Court finds that oral argument is unnecessary to resolve these motions. *See* W.D. Mich. LCivR 7.2(d).

## LEGAL STANDARD

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from

-2-

>the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

The burden to obtain relief under Rule 12(b)(6), however, rests with the defendant. *See, e.g., DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."   A motion to dismiss "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."   *Ibid*.

## ANALYSIS

### I. Plaintiff's Motion to Dismiss

In their answer to Plaintiff's initial complaint, Defendants asserted a counterclaim for conversion under Michigan law.  Plaintiff now moves to dismiss this claim on the ground that it fails to state a claim on which relief may be granted.

At the outset, it is important to note that Michigan recognizes two distinct actions for conversion. Specifically, a plaintiff can assert a claim for conversion under common law or Michigan Compiled Laws § 600.2919a. *See, e.g., Aroma Wines & Equipment, Inc. v. Columbian Distribution Services, Inc.*, 871 N.W.2d 136, 141 (Mich. 2015). A review of Defendants' counterclaim reveals that Defendants are not asserting a common law claim for conversion, but instead seek relief under § 600.2919a(1)(a). (ECF No. 13, PageID.93). This provision states that a person may recover "3 times the amount of actual damages sustained, plus costs and reasonable attorney fees" where another person steals, embezzles, or converts property to their "own use." Mich. Comp. Laws § 600.2919a(1)(a).

To prevail on their statutory conversion claim, Defendants must first establish the elements of common law conversion, which is "any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Aroma Wines*, 871 N.W.2d at 141. But Defendants must further establish that Plaintiff converted the property in question for his "own use." *Id.* at 145-47; *see also, Magley v. M & W Inc.*, 926 N.W.2d 1, 314 n.3 (Mich. Ct. App. 2018) (to establish statutory conversion, "in addition to the common-law elements for conversion, a plaintiff claiming statutory conversion must show that the conversion was for the defendant's 'own use'"). Thus, as the *Aroma Wines* court concluded:

> Although its language is rooted in common-law conversion, the tort established in MCL 600.2919a(1)(a) is not the same as common-law conversion. Rather, the separate statutory cause of action for conversion "to the other person's own use" requires a showing that the defendant employed the converted property for some purpose personal to the defendant's interests, even if that purpose is not the object's ordinarily intended purpose.

*Aroma Wines*, 871 N.W.2d at 149.

The allegations constituting Defendants' conversion claim consist of two sentences. Defendants first allege that Plaintiff "had access to and permission to use the company credit card to purchase items for business purposes only including gas for [Plaintiff's] personal vehicle used for business." (ECF No. 13, PageID.93). Defendants further allege that Plaintiff "used the company credit card and purchased items for his own use without permission from [Defendants]." (*Id.*).

These allegations are insufficient to state a claim for statutory conversion. Even if the Court assumes that Defendants' can establish the elements of common law conversion, Defendants have failed to assert any facts establishing that Plaintiff converted the property at issue for his "own use." With respect to this element, Defendants have alleged no facts, but instead merely assert the legal conclusion that Plaintiff's alleged act of conversion was "for his own use." As noted above, conclusory assertions are insufficient to state a claim. Accordingly, the undersigned recommends that Plaintiff's motion to dismiss be granted.

## II.     Defendants' Motion to Dismiss

Plaintiff alleges that Defendants asserted their conversion counterclaim as retaliation for Plaintiff initiating the present action seeking unpaid wages and benefits. Plaintiff's retaliation claim is asserted under the Fair Labor Standards Act, specifically 29 U.S.C. § 215(a)(3), which makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter."

To establish a prima facie case of retaliation, Plaintiff must establish the following: (1) he was engaged in a protected activity under the FLSA; (2) his exercise of that right was known by Defendants; (3) Defendants thereafter took an adverse employment against Plaintiff; and (4) there exists a causal connection between Plaintiff's protected conduct and Defendants' adverse action. *See Adair v. Charter County of Wayne*, 452 F.3d 482, 489 (6th Cir. 2006). Plaintiff's allegations easily satisfy the first, second, and fourth elements and Defendants do not argue otherwise.

Instead, whether Plaintiff's retaliation claim survives the present challenge turns on whether he has sufficiently alleged that Defendants subjected him to an adverse employment action. Defendants argue that Plaintiff's retaliation claim must be dismissed because "[a] counterclaim is not an employment action." Defendants also argue that Plaintiff's claim fails because he was not employed by Defendants when the counterclaim was filed. The Court disagrees and finds that Plaintiff has sufficiently alleged that he was subjected to an adverse employment action.

In *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006), Sheila White alleged that Burlington Northern modified her job responsibilities and suspended her without pay in violation of Title VII's prohibition on retaliation. *Id.* at 59. White prevailed in the district and circuit courts after which Burlington Northern appealed to the Supreme Court. *Ibid.* The Court agreed to hear the matter and "decide whether Title VII's antiretaliation provision forbids only those employer actions and resulting harms that are related to employment or the workplace." *Id.* at 60-61.

As the Court noted, Title VII's antidiscrimination provision is limited to "actions that affect employment or alter the conditions of the workplace." *Id.* at 62. On the other hand, Title VII's antiretaliation provision contains no such limitations, but rather makes it unlawful "to discriminate against" an employee "because he has opposed any practice made an unlawful employment practice by this subchapter. . ." *Ibid.* As the Court recognized, therefore, the pertinent question was "whether Congress intended its different words to make a legal difference." *Id.* at 62-63.

The Court answered this question in the affirmative, concluding that Title VII's "antiretaliation provision, unlike the substantive provision, is not limited to discriminatory actions that affect the terms and conditions of employment." *Id.* at 62-64. Rather, "[t]he scope of the antiretaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm" and encompasses conduct which a "reasonable employee" would consider "materially adverse," defined as sufficient to "dissuade[] a reasonable worker from making or supporting a charge of

-7-

discrimination." *Id.* at 67-68. In support of this conclusion, the Court observed that "Title VII depends for its enforcement upon the cooperation of employees who are willing to file complaints and act as witnesses." *Id.* at 67. Therefore, "[i]nterpreting the antiretaliation provision to provide broad protection from retaliation helps ensure the cooperation upon which accomplishment of the Act's primary objective depends." *Ibid.*

Following the *Burlington Northern* decision, courts began applying this general framework to retaliation claims brought under the FLSA. For example, the Sixth Circuit, in the context of a FLSA retaliation case, observed that, "as the Court held in *Burlington*, for the purpose of retaliation, adverse actions are not limited to employment actions, but encompass a broader range of actions, even outside the employment context, that harm an employee." *Pettit v. Steppingstone, Center for the Potentially Gifted*, 429 Fed. Appx. 524, 532 n.3 (6th Cir., July 7, 2011).

The Court recognizes that because the plaintiff in *Pettit* did not allege post-employment acts of retaliation, the comment quoted immediately above is arguably dicta. Nonetheless, it is a clear indication of how the Sixth Circuit would likely rule on the question if such were presented. Furthermore, courts within this circuit and elsewhere have specifically held that FLSA retaliation claims can be premised on post-employment adverse action. *See, e.g., Cruz v. Don Pancho Market, LLC*, 167 F.Supp.3d 902 (W.D. Mich. 2016) (holding, in the context of an FLSA retaliation claim, that "the fact that Plaintiff [was] a former employee [when the allegedly adverse action occurred] does not matter"); *Smith v. Haynes & Haynes P.C.*, 940 F.3d 635, 648-49 (11th Cir. 2019)

(observing, in the context of an FLSA retaliation claim, "[m]aterial adverse actions are not limited to those that are directly related to employment or occur at the workplace").

Plaintiff alleges that Defendants asserted their conversion counterclaim to retaliate against Plaintiff for initiating the present action. Having determined that FLSA retaliation claims can be premised upon post-employment conduct, the question then becomes whether asserting a claim for conversion could be deemed a materially adverse action sufficient to dissuade a reasonable worker from making or supporting an FLSA claim. *See Don Pancho*, 167 F.Supp.3d at 911.

As the court in *Don Pancho* recognized, asserting a counterclaim devoid of merit in response to an FLSA action "essentially [seeks] to punish the Plaintiff (or deter others) with the prospect of attorney's fees for the mere filing of a federal claim under the FLSA, which is unquestionably a protected activity." *Id*. at 912. This rationale certainly applies here. Defendants did not assert a common law claim for conversion, pursuant to which they could recover their actual damages, but instead asserted a claim for statutory conversion seeking treble damages and attorneys fees. It is not unreasonable to interpret this choice as an effort to punish Plaintiff and intimidate others from making or supporting an FLSA claim. That Defendants' conversion claim is legally insufficient further supports the conclusion that it was asserted for improper and unlawful reasons. The Court concludes, therefore, that Plaintiff's FLSA retaliation allegations are

sufficient, at this juncture, to survive challenge.[1] Accordingly, the undersigned recommends that Defendants' motion to dismiss be denied.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's motion to dismiss defendants' counterclaim (ECF No. 16) be granted, and that Defendants' motion to dismiss Count IV of the amended complaint (ECF No. 25) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 27, 2022

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

---

[1] The Court would reach this same conclusion even if the allegations in Defendants' counterclaim were sufficient to survive a challenge under Rule 12. As is understood, one defense to a claim of retaliation is that the allegedly retaliatory action was undertaken for reasons unrelated to the FLSA protected conduct. *See Adair*, 452 F.3d at 489. If Defendants presented *evidence* of lawful motive, the viability of Plaintiff's retaliation claim would be a legitimate question. But merely asserting allegations sufficient to survive a Rule 12(b)(6) challenge, without more, is an insufficient basis to obtain dismissal, on Rule 12(b)(6) grounds, of Plaintiff's retaliation claim. Plaintiff's allegations, at this juncture, are sufficient, regardless of the viability of Defendant's conversion claim. Stated differently, Defendants cannot defeat legally sufficient allegations of retaliation with mere *allegations* of proper motive.