UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROD MCCREA, ) | |
|     Plaintiff, ) | |
| ) | No. 1:21-cv-270 |
| v. ) | |
| ) | Honorable Paul L. Maloney |
| BLUE STAR LODGING, INC., ) | |
| ROBERT SIEVERS, and ) | |
| BRADLEY TYSON, ) | |
|     Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| ROBERT SIEVERS, and ) | |
| BRADLEY TYSON, ) | |
|     Counter-Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ROD MCCREA, ) | |
|     Counter-Defendant. ) | |
| _____) | |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Phillip Green, United States Magistrate Judge, who issued a Report & Recommendation (R&R) on January 27, 2022 (ECF No. 42). The R&R recommends that this Court grant Plaintiff's motion to dismiss Defendants' counterclaim and deny Defendants' motion to dismiss Count IV of the amended complaint. The parties were given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Defendants filed objections to the R&R (ECF No. 44), and Plaintiff filed a response (ECF No. 45). The Court will overrule Defendants' objections and adopt the R&R as the opinion of the Court.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

This Court conducted a de novo review of Defendants' "objections." On review of the evidence, the R&R is adopted over Defendants' objections.

At the outset, Defendants' "objections" do not constitute *specific* objections within the meaning of Fed. R. Civ. P. 72. *See Brown*, 2017 WL 4712064, at *2; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the effects as would a failure to object."). Instead of raising specific objections that address an error in the R&R, Defendants' objections are that (1) "Plaintiff's motion to dismiss Defendants' counterclaim should be denied," and (2) "Defendants' motion to dismiss should be granted" (ECF No. 44 at PageID.222, 224). The substance of Defendants' objections are arguments that would be raised in response to Plaintiff's motion to dismiss, and in Defendants' motion to dismiss. Because Defendants

2

have failed to identify a specific error in the R&R, Defendants' objections do not warrant review.

Nevertheless, in an abundance of caution, the Court will briefly address the merits of Defendants' objections.

First, Defendants argue that Plaintiff's motion to dismiss Defendants' counterclaim should be denied because Defendants properly pled a conversion claim under Mich. Comp. Laws § 600.2919a. However, the R&R explained why Defendants' counterclaim is insufficient. The R&R concluded that (1) Defendants failed to allege that Plaintiff converted the property at issue for his "own use," and (2) that Defendants' two-sentence conversion claim merely asserted legal conclusions rather than facts (*see* ECF No. 42 at PageID.208-10). Defendants do not dispute these findings. Rather, they concede that their conversion claim consisted of two sentences, but they argue that "there is no better way to" plead their claim (ECF No. 44 at PageID.223). Defendants are incorrect. Simply stating that Plaintiff "used the company credit card and purchased items for his own use" fails to allege sufficient facts that would support a conversion claim under Mich. Comp. Laws § 600.2919a. The Court overrules Defendants first objection.

Second, Defendants argue that their motion to dismiss Count IV of Plaintiff's amended complaint should be granted. Plaintiff filed his first amended complaint after Defendants filed their answer that included the conversion counterclaim. The first amended complaint added Count IV, which alleges that Defendants brought their counterclaim as retaliation in violation of the Fair Labor Standards Act (FLSA) for Plaintiff initiating the present action. Defendants' motion to dismiss Count IV argues that "[a] counterclaim is not

3

an employment action," meaning that Plaintiff cannot establish a retaliation claim under the FLSA (ECF No. 25 at PageID.144). The R&R thoroughly addressed why adverse actions are not necessarily limited to employment actions, which would allow Plaintiff's FLSA retaliation claim to proceed (*see* ECF No. 42 at PageID.211-14). In Defendants' objection, they reiterate their arguments in their motion to dismiss, and then urge the Court to "refrain from expanding existing FLSA case law to include legitimate counterclaims" (ECF No. 44 at PageID.225). Yet, Defendants cite no case law from the Sixth Circuit or Supreme Court that explicitly contradicts the R&R's conclusion that an adverse action in an FLSA retaliation claim could be expanded to include counterclaims based on *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006). Instead, they speculate that "the Supreme Court in its current makeup would likely strike down any such expansion" (ECF No. 44 at PageID.225). The Court will not reject the R&R's findings based on Defendants' speculation. Thus, this objection is also overruled.

Given that there are no errors in the magistrate judge's analysis, the Court will adopt the R&R as the opinion of the Court. Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 42) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion to dismiss Defendants' counterclaim (ECF No. 16) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss Count IV of the amended complaint (ECF No. 25) is **DENIED.**

**IT IS SO ORDERED.**

Date:  February 28, 2022                            /s/ Paul L. Maloney
                                                                                            Paul L. Maloney
                                                                                            United States District Judge