UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROD MCCREA,

                Plaintiff,                                Hon. Paul L. Maloney

v.                                                 Case No. 1:21-cv-270

BLUE STAR MOTEL, et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 36) and Plaintiff's Motion for Rule 11 Sanctions (ECF No. 38). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted in part and denied in part, and that Plaintiff's motion be denied.

## BACKGROUND

Plaintiff initiated this action on March 25, 2021, asserting claims for unpaid wages and benefits under the Fair Labor Standards Act (FLSA) and the Michigan Wages and Fringe Benefits Act. Plaintiff also asserted a state law breach of contact claim. In their answer to Plaintiff's complaint, Defendants asserted a counterclaim, alleging that Plaintiff unlawfully converted Defendants' property. (ECF No. 13). Plaintiff responded by amending his complaint to allege that Defendants' conversion

claim was asserted for unlawful retaliatory reasons.   The Court subsequently dismissed Defendants' counterclaim.   (ECF No. 42, 46).

At this juncture, Plaintiff is pursuing the following claims: (1) unpaid wages and benefits under the FLSA; (2) unpaid wages and benefits under the Michigan Wages and Fringe Benefits Act; (3) retaliation under FLSA; and (4) breach of contract.   These claims are all asserted against the remaining defendants: (1) Blue Star Lodging, Inc.; (2) Robert Sievers; and (3) Bradley Tyson.   Defendant Blue Star Lodging now moves to dismiss Plaintiff's amended complaint.   Plaintiff opposes the motion.   Plaintiff also moves the Court to impose sanctions on Defendant on the ground that its motion to dismiss is "futile" and asserted with "vexatious intent."   The Court finds that oral argument is unnecessary to resolve these motions.   *See* W.D. Mich. LCivR 7.2(d).

## ANALYSIS

### I.    Defendant's Motion to Dismiss

#### A.    Plaintiff's State Law Claims and FLSA Retaliation Claim

As previously noted, Plaintiff is asserting four claims against all three remaining defendants.   Defendant Blue Star Lodging moves to dismiss Plaintiff's amended complaint in its entirety.   But the only argument advanced by Defendant is addressed to Plaintiff's FLSA unpaid wages and benefits claim.   Defendant has made no argument that Plaintiff's state law claims are subject to dismissal.   Accordingly, as to Plaintiff's state law claims, the undersigned recommends that Defendant's motion to dismiss be denied.

-2-

The Court reaches the same conclusion regarding Plaintiff's FLSA retaliation claim.  The Court can, perhaps, speculate that the analysis regarding Plaintiff's FLSA wages and benefits claim applies with equal force to Plaintiff's retaliation claim.   It is not the Court's role, however, to dismiss claims based on speculation or arguments that have not been properly presented.   Thus, as to Plaintiff's FLSA retaliation claim, the undersigned recommends that Defendant's motion to dismiss be denied.

B.     Jurisdiction

Defendant first argues that dismissal of Plaintiff's FLSA wages and benefits claim is appropriate on jurisdictional grounds.   As detailed below, in the context of FLSA wages and benefits claims, the statute articulates two distinct grounds for FLSA coverage: (1) enterprise liability, and (2) individual liability.   *See, e.g., Burman v. Everkept, Inc.*, 2017 WL 1150664 at *6 (W.D. Mich., Mar. 27, 2017) (collecting cases). These requirements are not jurisdictional, however, but are instead elements of Plaintiff's underlying claim.   *See, e.g., Gulden v. Menages, Inc.*, 2014 WL 4232791 at *2 (M.D. Tenn., Aug. 25, 2014) (collecting cases).   Accordingly, to the extent Defendant seeks dismissal of Plaintiff's FLSA wages and benefits claim on jurisdictional grounds, the undersigned recommends that Defendant's motion be denied.

C.     Failure to State a Claim

Defendant also argues that Plaintiff's FLSA wages and benefits claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.   For the reasons articulated below, the Court agrees.

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).   The burden to obtain relief under Rule 12(b)(6), however, rests with Defendant and the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."   *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

Nevertheless, as the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "   *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"   *Id.*   As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a

motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

1.    FLSA Requirements

The FLSA provides certain protections to persons "engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce."    Specifically, such persons must be (a) paid a minimum wage and (b) paid "at a rate not less than one and one-half times the regular rate" when working longer than 40 hours in a single work week.    *See* 29 U.S.C. §§ 206(a), 207(a)(1).

These protections do not apply in every employment situation, however.    Instead, these protections apply in two circumstances.    First, where the person is "engaged in commerce or in the production of goods for commerce."    This is generally referred to as "individual coverage."    *See, e.g., Steimel v. Conway Prowash, LLC*, 2016 WL 7616509 at *2 (W.D. Mich., May 31, 2016).    Second, where the person "is employed in an enterprise engaged in commerce or in the production of goods for commerce."    This is generally referred to as "enterprise coverage."    *See, e.g., Burman*, 2017 WL 1150664 at *6-7. Plaintiff need only satisfy one of these requirements to pursue his FLSA wages and

benefits claim.    As discussed below, however, the allegations in Plaintiff's First Amended Complaint, (ECF No. 23), are insufficient to satisfy either requirement.

2.    Individual Coverage

In enacting the FLSA, "Congress intended to regulate only activities that actually constitute interstate commerce; it did not intend to regulate activities that merely affect that commerce." *Davis v. Patel*, 2016 WL 4160967 at *7 (M.D. Tenn., Aug. 5, 2016) (citing *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943)).    When an employee seeks the protections of "individual coverage," the focus is on his "employment activities and not the activities of the employer."    *Steimel*, 2016 WL 7616509 at *2.    The employee must establish that he was "directly participating in the actual movement of persons or things in interstate commerce."    *Ibid*; *see also*, *Spears v. Bay Inn & Suites Foley, LLC*, 2021 WL 24455889 at *4 (S.D. Ala., June 15, 2021) ("individual coverage deals with the relationship of the employee to interstate commerce, not the employer's relationship to interstate commerce").

A review of the allegations in Plaintiff's amended complaint reveals that, even if accepted as true, they are insufficient to satisfy this standard.    Plaintiff alleges that his "duties and responsibilities included working at the front desk, answering phones, taking reservations, making sure rooms were cleaned and soiled linens were washed and replaced through other staff members or himself, maintenance of equipment on property, customer relations, as well as similar tasks.    He was on call for customer complaints and alternated on call with the [General Manager]."    (ECF No. 23, PageID.128).

Plaintiff further alleges that, "[d]uring the off-season, [he] kept an eye on the property, made sure the buildings were maintained, rooms were locked and secure, insured that no damage was incurred, and took reservations."[1]  (*Id.*).  The Court recognizes that Plaintiff's performance of these activities could possibly have constituted interstate commerce and, thus, provide Plaintiff with individual coverage under the FLSA.  The problem for Plaintiff, however, is that he has failed to allege facts from which such can be established or even inferred.

None of the activities Plaintiff alleges he performed inherently constitute interstate commerce.  Instead, whether such activities constitute interstate commerce depends on the nature of the activity and the frequency with which it was performed.  *See, e.g., Davis*, 2016 WL 4160967 at *7-9 (when working the front desk at a motel, activities such as answering telephone calls and processing credit card transactions constitute interstate commerce if such activities (1) "brought [the employee] into contact with an out-of-state person or entity" and (2) were performed "regularly and recurrently"); *Spears*, 2021 WL 24455889 at *4 (individual coverage for hotel employee is available only if Plaintiff can establish that he "regularly and recurrently used instrumentalities of interstate commerce in the course of his work at the front desk of the hotel or otherwise").

---

[1] Plaintiff also refers in his amended complaint to an "employment agreement," which was allegedly submitted as an exhibit thereto.  (ECF No. 23, PageID.128).  Plaintiff's amended complaint, however, contained no such exhibit.  Likewise, no such exhibit was attached to the original complaint or Plaintiff's motion to amend his original complaint.

Plaintiff has failed to allege facts that support the conclusion or inference that his activities for Defendant involved or brought him into contact with any out-of-state persons or entities.  Likewise, Plaintiff has failed to allege facts from which it can be determined or inferred that, even if such activities did meet this requirement, that such were performed frequently enough to qualify as *engaging* in interstate commerce as opposed to merely *affecting* interstate commerce.

Plaintiff attempts to avoid this conclusion by advancing several arguments, each of which the Court finds unpersuasive.  First, Plaintiff argues that "entities whose employees handle goods that have traveled in commerce – brings nearly every company, organization and entity into the FLSA fold."  The two cases Plaintiff cites for this proposition are not relevant to the present question.  The cases cited by Plaintiff did not involve a determination whether an employee was participating in interstate commerce, but instead addressed the much different question whether an entity qualified as an employer under the FLSA.  *See Dole v. Elliot Travel*, 942 F.2d 962, 965 (6th Cir. 1991); *Fegley v. Higgins*, 19 F.3d 1126, 1131 (6th Cir. 1994).  As already noted, when assessing whether Plaintiff is entitled to individual coverage under the FLSA, the focus is on Plaintiff's duties and activities, and their relationship to interstate commerce, not the employer's relationship to interstate commerce.

Plaintiff next argues that (1) "certainly, all [the products and supplies utilized by Defendant] could not all have been made and contained within the State of Michigan"; (2) Defendant's establishment attracts guests from "across state lines"; (3) he regularly

worked and communicated with out-of-state "travel [web]sites"; and (4) Defendant's owners "operate their business from across state lines."  These arguments fail to advance Plaintiff's position.  To determine the nature and factual basis of the claims against which it must defend itself, a defendant looks to the plaintiff's complaint.  When assessing whether the claims asserted in a complaint are legally viable, arguments or legal theories asserted in a response to a motion to dismiss are not proper substitutes for well-plead factual allegations in the complaint itself.  *See, e.g., Cole v. Monroe County*, 359 F.Supp.3d 526, 534 (E.D. Mich. 2019) ("it is the complaint, and not. . .anything else, that defines a plaintiff's claims").  In this regard, Plaintiff's amended complaint fails to allege facts that would establish the arguments above.  Also, with the exception of the statement regarding Plaintiff's interaction with websites, these arguments improperly focus on Defendant's relationship to interstate commerce and shed no light on Plaintiff's participation (or lack thereof) in interstate commerce.

Next, the Court rejects Plaintiff's argument that Defendant's motion is "absolutely improper and premature" because "case law has also stated *forever* that" qualification for coverage under the FLSA "is a question of fact that cannot be determined on the pleadings."  Plaintiff is correct that whether Plaintiff qualifies for coverage under the FLSA is an element of his claim (i.e., a fact question).  But, whether Plaintiff is entitled to proceed on his claim, explore such in discovery, and potentially present such to a jury, presupposes that Plaintiff has alleged facts in his amended complaint sufficient to

survive a motion to dismiss.  Stated differently, Plaintiff has identified no authority that his FLSA claim is immune from scrutiny under Rule 12(b)(6).

In sum, Plaintiff's complaint relies on conclusory pronouncements regarding the interstate commerce element of his FLSA claim.  Plaintiff has identified no authority for the proposition that such conclusory statements are sufficient to survive a challenge under Rule 12(b)(6).  Moreover, such is directly counter to the Supreme Court's admonition that, "where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678-79.  Accordingly, the undersigned concludes that Plaintiff has not sufficiently pled individual coverage under the FLSA for his wage and benefits claim.

3.    Enterprise Coverage

To qualify for enterprise coverage under the FLSA, Plaintiff must establish two elements: (1) Defendant's "annual gross volume of sales made or business done is not less than $500,000," and (2) Defendant was engaged in (a) commerce, (b) the production of goods for commerce, or (c) had employees handling, selling, or otherwise working on goods moved or produced for commerce. *Burman*, 2017 WL 1150664 at *6-7.  In contrast to individual coverage, the focus here is on the employer's activities.  If the employer generated the requisite amount of revenue and satisfied one of the three commerce elements, "all employees of the enterprise are entitled to protections of the

FLSA, regardless whether each individual employee engages in interstate commerce." *Id.* at *7.   Again, the allegations in Plaintiff's amended complaint fall short.

a.    Income

Plaintiff's amended complaint contains no factual allegations regarding Defendant's sales, revenue, or income.   Thus, Plaintiff does not qualify for enterprise coverage under the FLSA.   In response, Plaintiff argues that "it seems very unlikely" that Defendant earned less than $500,000 in annual revenue.   Plaintiff may have a point.   But this argument, coupled with the complete absence in Plaintiff's amended complaint of any allegations regarding Defendant's revenue, represents a stark example of the difference between (a) alleging facts sufficient to state a claim and (b) alleging nothing more than the "mere possibility of misconduct."   As the Supreme Court has made clear, the former survives Rule 12(b)(6) scrutiny whereas the latter does not. *Iqbal*, 556 U.S. at 678-79.

b.    Commerce

As noted, there are three distinct ways in which an employer's activities can satisfy the commerce prong.   First, if Defendant was engaged in commerce, defined by the FLSA as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."   29 U.S.C. § 203(b).   Just as Plaintiff failed to allege facts that he was engaged in interstate commerce, Plaintiff has failed to allege facts that Defendant was engaged in interstate commerce.   While Plaintiff responds to the present motion by asserting that Defendant

"clearly operate[s] in interstate commerce," his complaint fails to allege facts to support this assertion.   Second, Plaintiff has made no allegations in his amended complaint that Defendant was involved in "the production of goods for commerce."

As for whether Defendant "had employees handling, selling, or otherwise working on goods moved or produced for commerce," the allegations in Plaintiff's amended complaint are insufficient.   There is no suggestion in Plaintiff's pleadings that any of Defendant's employees sold or worked on goods in interstate commerce.   Thus, Plaintiff must establish that Defendant had employees who handled goods that moved in interstate commerce.

The Court acknowledges that the "handling clause" is interpreted quite broadly and potentially applies to a great many business entities and activities.   *See, e.g.,* *Burman*, 2017 WL 1150664 at *7 ("enterprise coverage under the handling clause, was broadened by Congress [in 1974]. . and reflects Congress' intent to extend the coverage of the FLSA to companies that use products that have moved in interstate commerce"); *Secretary of Labor v. Timberline South, LLC*, 925 F.3d 838, 844-49 (6th Cir. 2019).   No matter how broadly the handling clause is defined, however, Plaintiff has failed to allege facts that support or establish that such is satisfied in this instance.   The Court can certainly speculate, as Plaintiff has done, that a lodging establishment in a resort community located near several populous states satisfies the handling clause. Speculation, however, is insufficient to survive Rule 12(b)(6) scrutiny.

4.    Motion to Amend

Finally, in response to Defendant's motion, Plaintiff states in a footnote that, should the Court find his complaint lacking, he "seeks to simply amend his pleadings." Because Plaintiff has already amended his complaint once, he requires leave of court or Defendant's consent to do so a second time.   *See* Fed. R. Civ. P. 15(a).   Plaintiff had an opportunity to move the Court for leave to amend his complaint after Defendant filed the present motion, but he failed to do so.   The footnote in Plaintiff's response is not a proper motion to amend.   *See* W.D. Mich. LCivR. 7.1.

In conclusion, for the reasons articulated herein, the undersigned concludes that, with respect to Plaintiff's FLSA wages and benefits claim against Defendant Blue Star Lodging, the allegations in Plaintiff's amended complaint fail to state a claim on which relief may be granted.   Accordingly, the undersigned recommends that, as to this claim, Defendant's motion to dismiss be granted.

## II.    Plaintiff's Motion for Rule 11 Sanctions

Plaintiff moves the Court to impose sanctions against Defendant, pursuant to Federal Rule of Civil Procedure 11, on the ground that its motion to dismiss is "futile" and asserted with "vexatious intent."   The imposition of Rule 11 sanctions is appropriate only where the individual's conduct was "objectively unreasonable under the circumstances."   *King v. Whitmer*, 556 F.Supp.3d 680, 698 (E.D. Mich. 2021).   The discussion and analysis above belies Plaintiff's argument and establishes that

-13-

Defendant's conduct in asserting its motion to dismiss was objectively reasonable.   The undersigned, therefore, recommends that Plaintiff's motion for sanctions be denied.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss (ECF No. 36) be granted in part and denied in part.   Specifically, the undersigned recommends that Plaintiff's FLSA wages and benefits claim against Defendant Blue Star Lodging be dismissed and that Defendant's motion otherwise be denied.   The undersigned further recommends that Plaintiff's Motion for Rule 11 Sanctions (ECF No. 38) be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 25, 2022            /s/ Phillip J. Green
                                PHILLIP J. GREEN
                                United States Magistrate Judge

-14-