UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROD MCCREA,<br>      Plaintiff,<br><br>v.<br><br>BLUE STAR LODGING, INC.,<br>ROBERT SIEVERS, and<br>BRADLEY TYSON,<br>      Defendants. | No. 1:21-cv-270<br><br>Honorable Paul L. Maloney |

## ORDER

Pending before the Court are several motions and a report and recommendation (R&R) in this employment-related dispute. The Court finds that the most efficient avenue to move this litigation forward is to resolve Plaintiff's motion for leave to file a second amended complaint, and then resolve the pending R&R, which concerns Plaintiff's motion for sanctions and Defendants' motion to dismiss Plaintiff's first amended complaint. *See In re NLO, Inc.*, 5 F.3d 154, 157 (6th Cir. 1993) ("District courts unquestionably have substantial inherent power to manage their dockets.").

Turning first to Plaintiff's motion for leave to file a second amended complaint (ECF No. 51), the Court will grant the motion. Although Plaintiff has already amended his complaint once, Rule 15 mandates that courts "freely give leave" to amend when amendment is in the interests of justice. Fed. R. Civ. P. 15(a)(2). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments,

undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005).

Plaintiff seeks to amend his complaint to address a deficiency as to his FLSA claim. As the R&R summarizes, Plaintiff's first amended complaint fails to state sufficient facts to support a properly pleaded FLSA claim (*see* ECF No. 50). Rather than filing objections to the R&R, which recommends granting Defendants' motion to dismiss Plaintiff's FLSA claim, Plaintiff presumably saw the writing on the wall and moved to amend his complaint instead to cure the deficiently pleaded FLSA claim.

The Court finds that, in the interests of justice, Plaintiff should be given the opportunity to amend his complaint to cure the meager deficiency in his FLSA claim. Although Plaintiff already amended his complaint once, the amendment was not in response to a motion to dismiss or an attempt to cure any pleading deficiencies. Rather, Plaintiff amended his complaint to add an FLSA retaliation claim in response to Defendants' state-law conversion counterclaim, which they asserted in their answer to Plaintiff's original complaint.[1] The Court finds that Plaintiff's proposed second amended complaint properly "relates back" to the original pleading, *see* Fed. R. Civ. P. 15(c)(1)(B), and that the amended complaint is not futile, nor will Defendants face undue prejudice from the amendment.

Given that Plaintiff's second amended complaint is now the operative pleading, Defendants' motion to dismiss the first amended complaint is moot. Accordingly, the Court will reject the R&R's recommendation to grant Defendants' motion to dismiss, as that

---

[1] This Court granted Plaintiff's motion to dismiss Defendants' counterclaim and denied Defendants' motion to dismiss Plaintiff's FLSA retaliation claim (ECF Nos. 42 46).

analysis is now also moot. However, because neither party filed any objections to the R&R, the Court will adopt the portion of the R&R as the opinion of the Court recommending denial of Plaintiff's motion for sanctions. *See* 28 U.S.C. § 636(b)(1).

Finally, before the Magistrate Judge issued the R&R, the parties filed a joint motion for a status conference (ECF No. 47). They made this request "in an effort to keep this matter moving forward" (*Id.* at PageID.235). Now that the Court has resolved all pending motions, the Court will proceed with a Rule 16 scheduling conference. However, because Defendants must now be given 21 days to answer Plaintiff's second amended complaint, the Court will not schedule the Rule 16 conference until all pleadings have been served and answered. Accordingly, the parties' joint motion will be denied without prejudice.

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to amend the complaint (ECF No. 51) is **GRANTED**. The Clerk of Court shall docket Plaintiff's proposed second amended complaint (ECF No. 52-1). Defendants shall answer Plaintiff's second amended complaint within 21 days after the second amended complaint is docketed.

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 50) is **ADOPTED IN PART** and **REJECTED IN PART**. The R&R is adopted as to the recommendation to deny Plaintiff's motion for sanctions, and it is rejected as moot as to the recommendation to grant Defendants' motion to dismiss Plaintiff's first amended complaint.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss Plaintiff's first amended complaint (ECF No. 36) is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for sanctions (ECF No. 38) is **DENIED**.

**IT IS FURTHER ORDERED** that the unopposed motion for a scheduling hearing (ECF No. 47) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Date: May 10, 2022                                         /s/ Paul L. Maloney
                                                                           Paul L. Maloney
                                                                           United States District Judge